**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**
**MAY SESSION, 1998**



**FILED**

**July 1, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | No. 01C01-9707-CC-00258 |
| **Appellee** | ) | |
| | ) | **COFFEE COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. John W. Rollins, Judge** |
| **EDWARD SHANE RUST,** | ) | |
| | ) | **(Arson of Personal Property)** |
| **Appellant** | ) | |

For the Appellant:

**Margaret C. Lamb**
Asst. Public Defender
605 East Carroll Street
Post Office Box 260
Tullahoma, TN 37388

**Campbell Smoot**
District Public Defender

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Janis L. Turner**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**C. Michael Layne**
District Attorney General
P. O. Box 147
Manchester, TN 37355

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Edward Shane Rust, was indicted by a Coffee County Grand Jury for the offenses of arson of personal property and reckless endangerment. Following a jury trial, the appellant was found guilty of arson of personal property, a class E felony, and received a two year sentence in the Department of Correction. The appellant was found not guilty of reckless endangerment. In this appeal as of right, the appellant contends:

> I. The evidence is insufficient to support a conviction for arson of personal property;
>
> II. The sentence imposed by the trial court is excessive; and
>
> III. The trial court should have granted an alternative sentence.

After a review of the evidence, we affirm the appellant's conviction for arson of personal property.

## Background

At trial, Officer Larry Miller, a corrections officer with the Coffee County Sheriff's Department, testified as follows:

> I arrived [at the jail] on the 18th of June [1996] shortly before midnight . . . . The second shift corporal informed me that [the appellant] refused to go into his assigned cubicle . . . for that night to be locked down because he wanted to go to the emergency room because he was complaining of back problems. . . . Approximately ten minutes after midnight, the fire alarm sounded and I proceeded to the back . . . . I went to the back of the Jail and peered in Cell 6. I saw [the appellant] sitting on a day room table with a fire burning [approximately four to eight inches tall] behind him in what we call the catwalk area, which is basically off limits to inmates. It's where all the plumbing is for the jail cells. I then went down the hall, obtained the fire extinguisher, went in to the catwalk area to extinguish the fire, in which case the fire extinguisher did not discharge. . . . I then went further down the hall, obtained the second fire extinguisher, extinguished the fire, and proceeded back to the front of the cell where [the appellant] was.

Officer Miller stated that, as he extinguished the fire, the appellant was "sitting on the day room table with what appeared to be a blue bandana around his face, just sitting

2

there while the fire was burning." During the commotion, several inmates "were complaining about the smoke. They were screaming, coughing they were hollering if there was something I could do about the smoke because it had started filtering into the rear part of the cell where the inmates were housed. . . ." After putting out the fire, Officer Miller asked the appellant why he started the fire. The appellant replied that he wanted to go to the emergency room because of his back pain. Officer Miller informed the appellant that he would be able to see the nurse in the morning. The appellant started ranting and raving that if he didn't go to the emergency room, "the garbage can was next."

Officer Miller further testified that "where the fire was set on the counter . . . it charred the paint . . . it [needs] to be freshly painted and sprayed." Additionally, "once the items cooled down from the fire," Officer Miller was able to determine that the items burning consisted of insulated underwear belonging to the appellant and toilet paper. He confirmed that the toilet paper was dispensed by the Coffee County Sheriff's Department. Furthermore, he explained that, although family members are permitted to bring inmates certain items of clothing other than jail-issued greens or oranges, the jailer inspects the items and determines whether the inmate can have the item.

Stacey Moseley, an inmate at the Coffee County Jail at the time of the incident, testified that neither he nor any other inmate was harmed in any way by the fire. He stated that at no time was he in fear of being hurt or in fear of his life because of smoke inhalation. Moseley also informed the jury that inmates typically lit "coffee bongs" to "heat coffee." Moseley explained that, in order to create a "coffee bong," inmates would wrap toilet paper around their hands and light a match in the center of it to heat their coffee water. He further stated that "[n]ine times out of the ten, you've got [a coffee bong] going every minute, every minute of every day." He conceded that no inmates were ever criminally charged with lighting a "coffee bong."

3

In his own defense, the appellant testified that he only lit the toilet paper in order to attract attention so that he would be able to receive medical treatment for his back pain.

## I. Sufficiency of the Evidence

In his first issue, the appellant contends that the evidence is not sufficient to sustain his conviction for arson of personal property. After a review of the record, we affirm the appellant's conviction.

When a challenge is made on appeal to the sufficiency of the convicting evidence, this court must adhere to certain well-established principles. First, a jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Next, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992), cert. denied, 507 U.S. 954, 113 S.Ct. 1368 (1993). Moreover, this court may not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Viewing the evidence under these criteria, it is the responsibility of this court to affirm the conviction if the proof was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); Tenn. R. App. P. 13(e).

Before an accused can be convicted of setting fire to personal property, the State must prove beyond a reasonable doubt that the accused knowingly damaged

4

personal property, by fire or explosion, without the consent of all persons who have a possessory or proprietary interest therein. Tenn. Code Ann. § 39-14-303 (1991). The indictment in this case charged that the appellant did knowingly damage personal property, to-wit: "A JAIL COUNTER, CLOTHING and TOILET TISSUE in [the] Coffee County Jail being the property of [the] Coffee County Sheriff's Department, . . . by means of a fire. . . ."

The appellant contends that the State failed to prove that the Sheriff's Department held a possessory or proprietary interest in the toilet paper. Specifically, he argues that the State failed to enter into evidence purchase orders for the toilet paper. Additionally, he maintains that "once the toilet paper was dispensed to the cell, it became an item that was not of returnable nature to the county." While we appreciate the novelty of the appellant's argument, we find it legally incorrect. There is no dispute that the toilet paper was purchased by the Coffee County Sheriff's Department for use by inmates in the jail. Notwithstanding the appellant's possessory interest, the Sheriff's Department retained a proprietary interest in the toilet paper. Moreover, the appellant's possessory interest in the personal property would only extend to those lawful and intended hygienic purposes for which the paper was dispensed. There is no dispute that the appellant knowingly set fire to the toilet paper without the consent of the Sheriff's Department and that it was damaged or consumed as a result of the appellant's conduct.

We note that the State need only prove a proprietary or possessory interest in but one item of the damaged personal property as the incident was but one continuing offense. As such, we need not address the appellant's remaining challenges involving the insulated shirt and the jail counter. Nonetheless, we agree with the appellant that the insulated shirt belonged solely to him and that the Sheriff's Department had neither a proprietary nor possessory interest in the shirt. Additionally, although there is no doubt that the counter in the jail was a possession of the Sheriff's Department, we find,

5

from the proof in the record, that the counter was a permanent fixture, thus, constituting real, and not, personal property. See Memphis Housing Authority v. Memphis Steam Laundry-Cleaner, Inc., 463 S.W.2d 677 (Tenn. 1971). A chattel becomes part of the real property if that chattel is so attached to the freehold that, from the intention of the parties and the uses to which they are put, it is presumed to be permanently annexed, or its removal from the property would cause serious injury to the freehold. Id. at 679. No testimony or proof was introduced at trial indicating that the counter could be removed without causing serious damage to the building. On the contrary, the photograph of the metal counter indicates that it was "built into" the building. Accordingly, the counter is not properly characterized as personal property.

In sum, we find that the burning of the jail counter and clothing will not support the appellant's conviction for the burning of personal property. However, as previously found, we conclude that the conflagration of the several sheets of toilet paper is against the peace and dignity of the State of Tennessee and is sufficient to restrain the appellant of his liberty. Tenn. R. App. P. 13(e).

## II. Sentencing

After a sentencing hearing, the trial court imposed a two year Department of Correction sentence. The appellant complains, in this appeal, that the two year sentence is excessive and that the court should have granted an alternative sentence other than incarceration. This issue is moot.

The judgments of conviction were entered January 17, 1997. The appellant was released from confinement on October 8, 1997. Because the appellant is no longer incarcerated, his issues regarding sentencing no longer constitute a valid case or controversy and, are, thereby, rendered moot. See Spencer v. Kemna, No. 96-7171

(U.S. Mar. 3, 1998); see also State v. Wright, No. 01C01-9609-CR-00414 (Tenn. Crim. App. at Nashville, Dec. 12, 1997); State v. Hickman, No. 01C01-9011-CR-00285 (Tenn. Crim. App. at Nashville, June 14, 1991).

      The judgment of the trial court is affirmed.


_____
DAVID G. HAYES, Judge


CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JERRY L. SMITH, Judge